**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**DERRICK L. SMITH**,

Plaintiff,

v.                                          **Case No. 17-cv-513-pp**

**SANDRA LA DU-IVES, et al.,**

Defendants.

---

## DECISION AND ORDER REQUIRING PLAINTIFF TO
## PAY $400 FILING FEE BY MAY 12, 2017

---

The plaintiff is currently incarcerated at Dodge Correctional Institution. On March 20, 2017, while incarcerated at Marathon County Jail, the plaintiff wrote a complaint under 42 U.S.C. §1983, alleging that the defendants were violating his civil rights. Dkt. No. 1. That same day, the plaintiff wrote a motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2. The court received and docketed these filings on April 10, 2017.

The Prison Litigation Reform Act applies to this action because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to give an incarcerated plaintiff the opportunity to proceed with his lawsuit without prepaying the full case filing fee, as long as he meets certain conditions. One of those conditions is a requirement that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the filing fee over time, through deductions from his prisoner account. Id.

1

That said, if a prisoner has already filed more than three actions or appeals that were dismissed as frivolous or malicious or for failure to state a claim upon which relief can be granted, the prisoner will be required to prepay the entire $400 filing fee, unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Commonly known as the "three-strikes" provision, a prisoner is said to have struck out once he has accrued three dismissals under this rule.

The plaintiff has struck out. He has had far more than three strikes assessed to him over the years. See e.g., Smith v. Gleason, et al., Nos. 12-cv-633, 12-cv-741, 12-cv-742, 12-cv-743, 12-cv-952, 12-cv-953, 12-cv-954, 13-cv-387, 13-cv-591, 13-cv-644, 13-cv-645, 13-cv-646, 13-cv-647, 13-cv-658, 13-cv-670, 13-cv-671, 2013 WL 6238488, at *8 (W.D. Wis. Nov. 27, 2013) (finding that the plaintiff had struck out, his conduct was "vexatious," and warning him to "proceed with care when considering whether to pursue his many lawsuits") (internal quotation marks omitted); see also Certification as to Three or More Dismissals, Dkt. No. 1-3 (listing eleven federal lawsuits in which the plaintiff received a strike).

Accordingly, the plaintiff will be allowed to proceed without prepaying the full filing fee only if he can establish that he is in imminent danger of serious physical injury. 28 U.S.C. §1915(g). In making this determination, the Seventh Circuit Court of Appeals has cautioned courts not to evaluate the seriousness of a plaintiff's claims. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2002). However, "it has never been the rule that courts must blindly accept a

prisoner's allegations of imminent danger." <u>Taylor v. Watkins</u>, 623 F.3d 483, 485 (7th Cir. 2010). Courts routinely deny requests to proceed without prepaying the full filing fee when the imminent danger allegations are "conclusory or ridiculous," or where they concern only past injuries. <u>Id</u>. (quoting *Ciarpaglini*, 352 F.3d at 330-31.) In short, "The 'imminent danger' exception to §1915(g)'s 'three strikes' rule is available 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" <u>Heimermann v. Litscher</u>, 337 F.3d 781, 782 (7th Cir. 2003) (quoting <u>Lewis v. Sullivan</u>, 279 F.3d 526, 531 (7th Cir. 2002).

The plaintiff alleges that the defendants, all of whom work at the Marathon County Jail, are harassing him in retaliation for his filing numerous complaints and lawsuits, are failing to give him prompt and adequate medical care, and are interfering with his access to the courts. Dkt. No. 1 at 4; <u>see also</u> Plaintiff's Declaration in Support of Lawsuit, Dkt. No. 30.

According to the Wisconsin Department of Corrections website, Marathon County Jail notified the Wisconsin DOC that the plaintiff was in their custody on March 24, 2017 (four days after the plaintiff dated his complaint but more than two weeks before the court received the complaint). <u>See</u> [http://offender.doc.state.wi.us/lop/](http://offender.doc.state.wi.us/lop/) (last visited April 25, 2017). The plaintiff was then transferred from Marathon County Jail to Dodge Correctional Institution on March 28, 2017 (more than a week before the court received the complaint).

Because the plaintiff is no longer at the Marathon County Jail, there is no threat that the mistreatment the plaintiff alleges he suffered at the hands of the Marathon County Jail staff will continue. With the plaintiff's transfer from a county jail to a state institution, the alleged harm is no longer on-going but is now a past injury, and courts must deny requests to proceed without prepaying the filing fee when a prisoners allegations concern only past injuries.

In light of the foregoing, the court finds that the plaintiff has failed to show he is in imminent danger of serious physical injury. The court will deny the plaintiff's motion to proceed without prepayment of the filing fee (dkt. no. 2). To proceed in this action, the plaintiff must prepay the $400 filing fee.

The court **ORDERS** that the plaintiff's motion to proceed without prepayment of the filing fee (dkt. no. 2) is **DENIED**.

The court further orders that the plaintiff must prepay the $400 filing fee in this action by **May 12, 2017**. The court cautions the plaintiff that if he fails to pay the filing fee, the court will dismiss this action without prejudice and without further notice to the plaintiff.

Dated in Milwaukee, Wisconsin this 26th day of April, 2017.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**